UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
WESTERN DIVISION

| | |
|---|---|
| In re: Monte L. Wiggs and Vernellen F. Wiggs<br><br>Debtors. | Case No.  06 B 70203<br><br>Chapter 13<br><br>Judge Manuel Barbosa |

### MEMORANDUM OPINION SUSTAINING THE CHAPTER 13 TRUSTEE'S OBJECTION TO CONFIRMATION AND DENYING THE MOTION TO DISMISS

This matter is before the Court on the motion to dismiss and objection to confirmation brought by Lydia S. Meyer, the standing Chapter 13 Trustee ("the Trustee). The Trustee is represented by Attorney Kathleen A. McCallister. Monte L. Wiggs and Vernellen F. Wiggs, the debtors (the "Debtors"), are represented by Nathan E. Curtis of the Law Offices of Peter Francis Geraci. For the reasons set forth below, the Trustee's motion to dismiss is denied and the objection to confirmation is sustained.

### JURISDICTION

This Court has jurisdiction to decide this matter pursuant to 28 U.S.C. § 1334 and Internal Operating Procedure 15(a) of the United States District Court for the Northern District of Illinois. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(L).

### FACTS

The Debtors filed a Chapter 13 petition on February 17, 2006. On Schedule B, the Debtors listed an ownership interest in three vehicles, but only operate two of them. Those vehicles are a 1998 Chevrolet Lumina with 108,000 miles and a 1993 Dodge

-1-

Caravan with 132,000 miles. The Debtors claimed the full transportation ownership/lease expense on Form B22C. Both of the Debtors are repaying loans against their retirement plans in the amount of $507.04 per month. The balance on those loans are $5,150 and $4,200 at the time of filing. The Debtors listed on line 55 the amount of $491.30 for the expense to repay the loans.

## DISCUSSION

Numerous issues have arisen since the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005 ("BAPCPA") became effective. This Court previously held that because Schedule I sets forth a debtor's income at the time of filing and is amended if any change occurs, a debtor's schedule I should be used to determine "projected monthly income" pursuant to § 1325(b)(1)(B). *In re DeMonica*, 06 B 00094 (Bankr. N.D. Ill. July 31, 2006). This Court also held in that case that a debtor who incurs expenses for a vehicle payment make take the full Local Standard amount even when the debtor is not liable on the note. This matter involves a debtor that owns a vehicle but does not incur expenses for payment of a note. In other words, the vehicle is owned free and clear.

In order to construe what Congress has enacted, "we begin, as always, with the language of the statute." *Duncan v. Walker*, 533 U.S. 167, 172 (2001). "It is our duty to give effect, if possible, to every clause and word of a statute." *Id.* at 174 (quoting *United States v. Menasche*, 348 U.S. 528, 538-39 (1955)) (internal quotations omitted).

The Trustee objects to the ownership expense for two vehicles for which they have no loan or lease. She cites *In re Hardacre*, 338 B.R. 718 (Bankr. N.D. Tex. 2006),

-2-

and *In re McGuire*, 342 B.R. 608 (Bankr. W.D. Mo. 2006), for support. The Debtors cite no case law, but, instead, rely upon the plain language of the statute and the rules of statutory construction in support of their position that they are allowed to take the full Local Standard deduction for transportation ownership/lease expense for the two vehicles.

Because the Debtor's income exceeds the median family income, the Debtor is required to determine the "amounts reasonably necessary to be expended" pursuant to § 707(b)(2)(A) and (B). 11 U.S.C. § 1325(b)(3). The first sentence provides: "The debtor's monthly expenses shall be the debtor's applicable monthly expense amounts specified under the National Standards and Local Standards, and the debtor's actual monthly expenses for the categories specified as Other Necessary Expenses issued by the Internal Revenue Service for the area in which the debtor resides, as in effect on the date of the order for relief . . . ." 11 U.S.C. § 707(b)(2)(A)(ii)(I). The statute provides that the "*applicable* monthly expense amounts specified under the National and Local Standards ..." are to be used. *Id.* (emphasis added).

One court interpreted this statute provision to mean that the debtor's applicable monthly expenses shall be the amount specified in the Local Standards. *In re McGuire*, 342 B.R. at 613. The court explained that "if a debtor does not own or lease a vehicle, the ownership expense is not 'applicable' to that debtor." *Id.* The court went on to conclude that "if a debtor is not incurring expenses for the purchase or lease of a vehicle, the debtor cannot claim a vehicle ownership expense under the IRS standards." *Id. Contra* Wedoff, 79 Am. Bankr. L.J. at 257-58 (stating that "since the

means test treats the Local Standards not as caps but as fixed allowances, it is more reasonable to permit a debtor to claim the Local Standards ownership expense based on the number of vehicles the debtor owns or leases, rather than on the number for which the debtor makes payments.")

The Debtors assert that the legislative history of the bill supports the interpretation that the Local Standard amounts are fixed allowances. They cite the House Report:

> In addition to other specified expenses, the debtor's monthly expenses –exclusive of any payments for debts (unless otherwise permitted) - must be the applicable monthly amounts set forth in the Internal Revenue Service Financial Analysis Handbook as Necessary Expenses under the National and Local Standards categories and the debtor's actual monthly expenditures for items categorized as Other Necessary Expenses."

(Debtors' Supp. Pretrial Stmt., Docket #30) (citing H.R. Rep 109-31(I), 109th Cong. 1st Sess. 2005).

While some courts have referred to the Internal Revenue Manual for guidance (*see e.g.* Hardacre, 338 B.R. at 726 and McGuire, 342 B.R. 608, 612 (Bankr. W.D. Mo. 2006)), this Court will look to the statute. If additional guidance is necessary, the relevant sources to aid in determining legislative intent are the legislative history and comments to the official forms.

This Court finds that the language of the statute is clear and unambiguous. This Court finds that the term "applicable" modifies the amounts specified to limit the expenses to only those that apply. *Accord In re McGuire*, 342 B.R. 608 (Bankr. W.D. Mo. 2006). If the language were interpreted to allow every debtor the full National and Local Standard amount the term "applicable" would be superfluous. "A court may examine legislative history when it encounters language in a statute that is undeniably

-4-

ambiguous, but it should be the final option." *Id.* Additionally, statutory construction requires interpreting the language of a statute to avoid absurd results. See *Future Source LLC v. Reuters, Ltd.*, 312 F.3d 281, 284-85 (7th Cir. 2002). This Court's interpretation of the statute does not treat every debtor the same. However, such an interpretation does not amount to absurd results. The plain language of the statute has been interpreted to result in a shorter applicable commitment period pursuant to § 1325(b)(4) based upon the timing of the filing. See *In re Beasley*, __ B.R. __ 2006 WL 1228924 (Bankr. C.D. Ill. May 8, 2006). In addition, debtors whose income falls below the median family income, while only required to provide for payments over three years, are not allowed expense amounts as specified in the National and Local Standards. Thus, below median family income debtors may not be allowed expenses as great as above median family income debtors. These results from interpreting BAPCPA as written are not "absurd." The Debtors acknowledge that "It is beyond our province to rescue Congress from its drafting errors, and to provide for what we might think . . . is the preferred result." In re Fulbright, 319 B.R. 650, 659 (Bankr. D. Mont. 2005)(quoting ... US v. Granderson.)

Therefore, the debtors are not allowed to include the standard ownership expense for transportation ownership when they do not have a payment on a vehicle. In cases where the debtor's have few payments remaining or subsequently need to acquire a vehicle, they can amend their plan accordingly, as explained by the Court in *McGuire*. 342 B.R. at 614.

The next issue is the appropriate monthly expense amount to deduct from

income for the repayment of a 401K loan. Specifically, this Court must determine whether the actual loan payment amount or the balance of the loan divided by the length of plan payments should be used.

Expenses for retirement contributions and loan repayment are not included in the categories set out in § 707(b)(2). Form B22C, however, includes such payments in Part IV. Line 55 on Form B22C states: "Enter the monthly average of (a) all contributions or wage deductions made to qualified retirement plans, as specified in § 541(b)(7) and (b) all repayment of loans from retirement plans, as specified in § 362(b)(19)." Section 541(b)(7)(A) and (B) provides that contributions for employee benefit plans, deferred compensation plan and tax-deferred annuities "shall not constitute disposable income, as defined in section 1325(b)(2)." In addition, § 1322(f) prohibits the material alteration of terms of a loan described in § 362(b)(19), which defines the type of plans established under the Internal Revenue Code, including section 401.

These sections read together would prohibit the material alteration of the actual loan amount payment in the Chapter 13 plan. The debtor cannot materially alter the payments, the employer is not stayed from withholding the contributions and the amounts are not included in disposable income. This would seem to suggest, in most cases, the deduction of the actual monthly loan payment amount, rather than an average. In this case, the actual loan payment amount should be excluded from the computation of disposable income. However, as in all instances, the debtors must provide the Chapter 13 Trustee with evidence of such withholdings and contributions.

Lastly, the Debtors propose to make 45 monthly payments. Section 1325(b)(4) provides that the "applicable commitment period ... shall be not less than 5 years" when

the debtors earn more than the median family income, unless the plan provides for full payment of all unsecured debts. The Debtors' plan does not provide for full payment of all unsecured debts. Therefore, in order to be confirmed, the plan must provide for 60 monthly payments.

## CONCLUSION

The Debtors can only deduct the National and Local Standards when those expenses are "applicable," i.e. they actually incur expenses for those items. The repayment and contribution to retirement plans cannot be materially altered and are not included in the calculation of disposable income. Therefore, the actual monthly payment amount should be deducted. Finally, debtors with above median income must propose a 60 month plan unless the plan pays all unsecured debts in full. Because the Debtors' plan does not comply with the requirements as outlined above, the Trustee's objection to confirmation is sustained.

The foregoing constitutes findings of fact and conclusions of law as required by Fed. R. Civ. P. 52(a) and Fed. R. Bankr. P. 7052. A separate judgment will be entered giving effect to the determinations reached herein.

Signed: August 4, 2006

MANUEL BARBOSA
United States Bankruptcy Judge